**IN THE COURT OF APPEALS OF IOWA**

No. 18-0185
Filed December 19, 2018

**MARIA BORJAS and FERMIN GUTIERREZ, Individually, and as parents and next friends of D.G., a Minor,**
        Plaintiffs-Appellants,

**vs.**

**STATE OF IOWA,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Johnson County, Andrew B.

Chappell, Judge.


        The appellants appeal the district court's grant of summary judgment.

**AFFIRMED.**


        Martin A. Diaz, Swisher, for appellants.

        Jessica Tucker Glick and Carolyn Russell Wallace of Phelan, Tucker,

Mullen, Walker, Tucker & Gelman, LLP, Iowa City, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Maria Borjas and Fermin Gutierrez, parents of their minor child D.G., appeal the district court's grant of summary judgment in a medical malpractice suit. The parents argue the district court should have denied summary judgment for both the medical-negligence claim and the negligent-infliction-of-emotional-distress claim. Because the parents failed to provide expert testimony to support either claim, we agree summary judgment was appropriate and affirm.

D.G., born in December 2005, was previously diagnosed with nemaline rod myopathy, which is a progressive neuromuscular disease. According to the parents, prior to the events at issue in the case, D.G. was stable, functioning independently, and happy. After developing a persistent cough, the parents brought D.G. to the University of Iowa Hospitals and Clinics (UIHC) on March 25, 2013. She was admitted to the hospital for pneumonia, and the parents allege D.G. had a bronchoscopy and was intubated during the stay.

On May 23, 2013, the parents again took D.G. to UHIC for a cough and oxygen desaturation. Staff performed a flexible laryngoscopy. Later, D.G. began to shake, so staff administered an anti-seizure medication, and D.G. went into respiratory failure. Following the two admissions to UIHC, the parents report D.G.'s functionality decreased. D.G. could not walk on her own, needed assistance caring for herself, could not attend school, and became depressed.

The parents filed a petition on February 23, 2016, against the State of Iowa, as the owner and operator of UIHC. The State of Iowa moved for summary judgment on October 11, asserting the parents had not made a prima facie showing of medical negligence. On January 16, 2018, the district court granted

summary judgment. The district court found the parents failed to provide expert testimony regarding the applicable standards of care and any violation of those standards. The parents appeal.

"We review a district court ruling granting a motion for summary judgment for correction of errors at law." *Rathje v. Mercy Hosp.*, 745 N.W.2d 443, 447 (Iowa 2008). "Summary judgment is appropriate if the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Cawthorn v. Catholic Health Initiatives Iowa Corp.*, 806 N.W.2d 282, 286 (Iowa 2011); *see also* Iowa R. Civ. P. 1.981(3). "We will view the record in the light most favorable to the nonmoving party and will grant that party all reasonable inferences that can be drawn from the record." *Cawthorn*, 806 N.W.2d at 286.

The parents argue they have presented sufficient evidence to establish a prima facie case of medical negligence. "To establish a prima facie case of medical malpractice, a plaintiff must produce evidence that (1) establishes the applicable standard of care, (2) demonstrates a violation of this standard, and (3) develops a causal relationship between the violation and the injury sustained." *Oswald v. LeGrand*, 453 N.W.2d 634, 635 (Iowa 1990). "Ordinarily, evidence of the applicable standard of care—and its breach—must be furnished by an expert." *Id.* Here, the parents only designated one expert, Agustin Legido, MD, who opined on causation of D.G.'s decreased functionality, but he was silent as to the applicable standards of care or any violation of the standards.

The parents further assert they established the applicable standards of care and the violation of those standards through a letter and deposition of Timothy Starner, MD, as well as through Gutierrez's testimony. The district court found Dr.

Starner's "letter set[] forth *recommendations* (not requirements) for future emergency room visits" instead of providing the applicable standards of care. Additionally, Gutierrez is not a licensed physician and does not work in the medical field; therefore, he is not qualified as an expert capable of testifying about the standard of care or the violation. *See* Iowa Code § 147.139 (2016) (stating the necessary qualifications for an expert witness testifying about standards of care and violations of such standards). Because the parents have failed to present sufficient expert testimony to establish a prima facie case for medical negligence, we agree summary judgment was appropriate.

In addition, the parents argue the district court should have denied the motion for summary judgment with regard to the negligent-infliction-of-emotional-distress claim. The district court held the parents did not provide medical testimony to establish the emotional distress claim and, even viewing the record in the light most favorable to the parents, the record did not support the claim. A negligent-infliction-of-emotional-distress claim may arise "where the nature of the relationship between the parties is such that there arises a duty to exercise ordinary care to avoid causing emotional harm." *Oswald*, 453 N.W.2d at 639. In *Oswald*, our supreme court held expert testimony was not necessary to prove medical staff's statements were "rude and uncaring," because "a lay fact finder could easily evaluate the statements in light of the surrounding circumstances to determine whether the language used or message conveyed breached the standard of care expected of medical professionals." *Id.* However, the court emphasized the holding was "closely limited to [the case's] facts." *Id.* at 639–40. Here, unlike the verbal statements made in *Oswald*, the parents allege the

emotional distress stems from the physician ignoring Gutierrez's wishes for treating his daughter and assert "[a] jury could reasonably find that ignoring the wishes of the parents of a disabled child with a resulting respiratory distress, seizure and ICU stay would be expected to cause them emotional distress." The district court found "[t]he record simply does not show that Ms. Borjas and Mr. Gutierrez had a sensory and contemporaneous observance, *resulting from [UIHC's] negligent conduct*, that caused a direct emotional impact." Since there is no evidence to prove UIHC acted negligently, we find the district court correctly determined the negligent infliction of emotional distress claim fails. We affirm without further opinion. Iowa Ct. R. 21.26(a), (e).

**AFFIRMED.**